UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JOSEPH A. BARKER,            )    CASE NO. 4:07 CV 2902
                             )
        Petitioner,          )    JUDGE PETER C. ECONOMUS
                             )
     v.                      )
                             )    MEMORANDUM OF OPINION
MICHELE EBERLIN,             )    AND ORDER
                             )
        Respondent.          )

On September 24, 2007, petitioner pro se Joseph A. Barker filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Barker is incarcerated in an Ohio penal institution, having been convicted on two counts of possession of cocaine in April 2005. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full

1

and fair opportunity to rule on the petitioner's claims." <u>Manning v. Alexander</u>, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

A decision of the Ohio Court of Appeals, attached to the petition, reflects that a Motion to Reopen Appeal was filed by Barker 326 days after his original appeal was denied.  The attached decision determined that good cause to file the Motion to Reopen outside the 90 day time frame of Ohio App.R.26(B) was not shown, and the Motion was therefore denied.  Thus, petitioner was procedurally barred from raising his claims in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to properly raise the claims and actual prejudice to case.  <u>Riggins v. McMackin</u>, 935 F.2d 790, 793 (6th Cir. 1991)(citing <u>Murray v Carrier</u>, 477 U.S. 478, 488 (1986); <u>see</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1990).  No such showing is reasonably suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

<u>S/Peter C. Economus - 12/10/07</u>
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

2